# In the United States District Court for the Southern District of Georgia Statesboro Division

```
UNITED STATES OF AMERICA,

v.                                        CR 616-010-7

SAMORI JODAN SMOKES,

    Defendant.
```

### ORDER

Before the Court is Defendant Samori Smokes's "Motion for Compassionate Release Retroactive Application of Parts A and B Subpart 1 of Amendment 821." Dkt. No. 545. The Government has responded in opposition, dkt. no. 548, and Defendant replied, dkt. no. 550. The motion is therefore ripe for review.

### BACKGROUND

On September 27, 2016, Defendant pleaded guilty to conspiracy to possess with intent to distribute and to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846 (Count I). On February 28, 2017, Defendant was sentenced to 132 months' imprisonment with the Bureau of Prisons ("BOP") followed by three years' supervised release. Defendant is being housed at USP Coleman II in Sumterville, Florida, and his release date is currently September 5, 2025.

**DISCUSSION**

In his motion, Defendant seeks three forms of relief. First, he seeks a reduction in sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 821 to the U.S. Sentencing Guidelines. Second, Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1). Finally, Defendant seeks credit for time served for a state conviction.

## I.   Amendment 821

First, Defendant moves for a sentence reduction under § 3582(c)(2). That statute allows the court to reduce the defendant's term of imprisonment if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). The amendment identified by Defendant is Amendment 821, which amends U.S. Sentencing Guideline § 4A1.1 to (1) eliminate the additional point for any defendant who otherwise has six or fewer criminal history points and (2) apply one point, instead of two, for defendants who otherwise present seven or more criminal history points. U.S.S.G. § 4A1.1.

In Defendant's case, however, he was sentenced as a Career Offender under U.S. Sentencing Guideline § 4B1.1, and, thus, his criminal history category is not impacted by the amendment,

2

which amends § 4A1.1.  Defendant's motion on this ground is therefore **DENIED**.

### II. Compassionate Release

Next, Defendant appears to move for compassionate release under § 3582(c)(1).  See Dkt. No. 545 at 1.  That statute allows the court, after the defendant has fully exhausted all administrative rights, to reduce the defendant's term of imprisonment if, inter alia, the defendant shows "extraordinary and compelling reasons warrant such a reduction." § 3582(c)(1)(A)(i).  However, Defendant has not averred that he has exhausted his administrative remedies, and, further, he has identified no extraordinary and compelling reasons to justify his release.  See id.; see also 18 U.S.C. § 3582(c)(1)(A), (c)(1)(A)(i).  Even if he had exhausted his administrative remedies and identified extraordinary and compelling reasons for release, the Court would still find, as it has in prior Orders, that the 18 U.S.C. § 3553(a) factors weigh in favor of Defendant serving the sentence imposed.  Dkt. No. 380 at 4; Dkt. No. 470 at 3-4.  His motion for compassionate release is therefore **DENIED**.

### III. Time-Served Credit

Finally, Defendant argues the BOP failed to adjust his federal sentence to reflect time he served for a related state

3

sentence after the Court concluded his federal and state sentence should run concurrently. Dkt. No. 545 at 3.

"The Supreme Court has held that the responsibility for determining sentence-credit awards lies with the Attorney General, through the [Bureau of Prisons], as opposed to district courts." United States v. Roberson, 746 F. App'x 883, 885 (11th Cir. 2018) (citing United States v. Wilson, 503 U.S. 329, 330, 333 (1992) (construing 18 U.S.C. § 3585(b))). In other words, "[t]he granting of credit for time served is in the first instance an administrative, not a judicial, function." Id. (quoting United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) (quotation marks omitted)). Federal regulations afford prisoners administrative review of the computation of their credits. See 28 C.F.R. §§ 542.10-542.19.

Because the BOP has the responsibility for determining credit awards, "a federal prisoner dissatisfied with computation of his sentence must pursue the administrative remedy available through the federal prison system before seeking judicial review of his sentence." Id. (quoting United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005)). Only "after the exhaustion of administrative remedies" may a claim for credit for time served be brought under 28 U.S.C. § 2241. Id. (quoting Nyhuis, 211 F.3d at 1345). Here, Defendant does not expressly state he has exhausted his administrative remedies, but attached to his

4

motion is a form he apparently submitted to the BOP regarding his time-served request. Dkt. No. 545 at 3. The Court will therefore assume Defendant has met the exhaustion requirement.

This Court does not have the authority to rule upon Defendant's motion, however. A petition for a writ of habeas corpus under 28 U.S.C. § 2241, which is Defendant's exclusive remedy for a sentence computation review, must be filed in the district of incarceration. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 n.1 (11th Cir. 2008). Because Defendant is incarcerated in the Middle District of Florida, his motion is not properly before this Court and must be **DISMISSED**.

## CONCLUSION

To the extent Defendant moves for a sentence reduction under Amendment 821 to the U.S. Sentencing Guidelines, his motion is **DENIED**. To the extent he moves for compassionate release, his motion is **DENIED**. Finally, to the extent Defendant moves for time-served credit, his motion is **DISMISSED**.

SO ORDERED, this 3 day of January, 2024.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA